BANK OF SAN JUAN, PETITIONER, *v.* DISTRICT COURT OF SAN JUAN, RESPONDENT.

PETITION for a writ of Certiorari to the First District Court of San Juan.

No. 436.—Decided February 26, 1924.

ATTORNEY AND CLIENT—MOTION TO CHANGE ATTORNEYS.—If for any cause a party becomes dissatisfied with his attorney, the law points out a remedy by motion to the court for leave to change his attorney, but until this has been done he is presumed to have authorized the attorney so to act in the course of the proceedings as, with the latter's superior knowledge of the law, may seem necessary and proper, and the client has no right to control his attorney in the due and orderly conduct and management of the case. The presumption is destroyed by the motion and the attorney's further action is paralyzed except so far as unavoidable duties arise.

ID.—RECEIVERSHIP—PROCEDURE—SUBSTANTIAL RIGHT.—If a client, personally or by an attorney has consented to discontinue a receivership, before the receiver is actually discharged, and perhaps even afterwards, the client may come into court and ask for a continuance or restoration of the receivership and an order to that effect involves no violation of any rule of procedure, but a matter of substantial right.

ID.—ID.—ATTACHMENT—CONTRACT.—The agency of an attorney does not extend outside of the litigation. He may make or unmake attachments or a receivership, for these acts have no characteristics of a contract in which the consent of the client enters; but he can not create a real contract for his client.

The facts are stated in the opinion.

Messrs. *J. Soto Rivera, R. Sancho Bonet* and *Llorens & Arroyo* for the petitioner.

Mr. *R. Rivera Zayas* for the adverse party.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 23rd day of May, 1923, the District Court of San Juan appointed a receiver in a suit and this court, in a certiorari proceeding, on July 28, 1923, refused to annul the order (32 P. R. R. 364). Thereafter, on September 13, 1923, the parties by their respective attorneys filed a stipulation which, on conditions therein named, was to end the receivership. The court approved the stipulation on September 27, 1923, and the petitioner defendant, the Bank of San Juan, carried into effect, or began to carry into effect, the provisions of the stipulation. Thereafter, on the 11th of October, 1923, the complainant, Bernabé Sabalier, *in propria persona* came into court and stated that he had not authorized his attorney, Luis Abella Blanco, to make the aforesaid stipulation, and complainant moved that the said attorney should no longer represent him of record and also moved that the order of September 27th be set aside.

The court, on October 25, 1923, granted complainant's motion *ex parte,* removed Luis Abella Blanco as attorney of record, set aside the order of September 27th and further ordered that the receivership be continued. The bank filed a motion for reconsideration which was overruled without a hearing. Then the bank filed another motion for reconsideration wherein both parties were heard, and the court refused to set aside its order of October 25, 1923.

When this application for a certiorari was filed one of our principal reasons for considering it was the lack of notice of which petitioner complained. At the hearing

petitioner conceded that the court finally granted a hearing and petitioner abandoned its insistence on this point.

The petition does not disclose any illegal act on the part of attorney Luis Abella Blanco in discontinuing the receivership. In other words, that an attorney has authority to discontinue a receivership, as such. It may be presumed that he thought he was acting in the best interests of his client. *Non constat* that the client was consulted. The client denied the authority of his attorney to discontinue the receivership.

It may be conceded, without holding, that an attorney may discontinue a receivership without consulting his client, but whether the attorney here had authority to do all that he did is questionable.

The court on application removed the attorney of record. Of this removal the petitioner, the Bank of San Juan, can have no complaint. Parties have always the right to remove counsel. 2 R. C. L. 961.

The petitioner, however, maintains that the client had no right to take any step in the case until the attorney was removed and hence had no right to ask for the annulment of the order of September 27th discontinuing the receivership. That a party who wants rapid action may not couple with a motion to remove his attorney any other substantial relief, is a proposition to which we give no adherence and the citation from 2 R. C. L. 987, does not convince us. On the contrary, the inference is the other way. The book says: ''If the party, for any cause, becomes dissatisfied with his attorney, the law points out a remedy by motion to the court for leave to change his attorney, but until this has been done he is presumed to have authorized the attorney so to act in the course of the proceedings as may, with the latter's superior knowledge of the law, seem necessary and proper, and the client has no right to control his attorney in the due and orderly conduct and manage-

ment of the case.'' The presumption is destroyed by the motion for removal and the attorney's further action is paralyzed, except so far as unavoidable duties arise. Luis Abella Blanco is not here complaining of this removal.

The only substantial question presented by this petition is whether the order of September 27, 1923, created such a status that the annulment of that order violated the rules of procedure or jurisdiction to such an extent that the petitioner bank suffered a real prejudice remediable in a writ of certiorari.

Leaving aside, then, the lack of notice, and leaving aside the action and motion of Sabalier without a previous removal of his erstwhile attorney, we may inquire whether the District Court of San Juan violated any rule of procedure in revoking its previous order of September 27th when it found that this order did not have the approval of the client. In general we should think that there is a *locus penitentiae* for a client, so to speak. If he has consented personally or by an attorney to discontinue a receivership, before that receiver is actually discharged and perhaps even afterwards, he may come in and ask for a continuance or restoration of the receivership. The granting of such an order in general involves no violation of any rule of procedure. It is generally a matter of substantial right. The receiver was not actually discharged in this case.

The principal contention of petitioner is that the stipulation created a contract between the parties. In this stipulation the receiver was to present his accounts and the bank was to resume possession of the property in question under an ample bond. The bond was tendered or actually given and approved by the court. Petitioner urged the consummation of a contract with the execution of the bond as a consideration.

One thing is immediately suggested. The citations of

petitioner are perhaps good authority that an attorney may do a great many things for his client and bind him, temporarily at least, but we are fairly certain that an attorney as such cannot create a real contract for his client. The attorney may personally make or unmake attachments or a receivership, but these acts have no characteristics of a contract in which the consent of the client enters. The agency of the attorney does not extend outside of the litigation.

"An attorney of record, by virtue of his employment as such, subject to the approval of the court, has implied authority to do all acts necessary and proper to the regular and orderly conduct of the case, and affecting the remedy only and not the cause of action, and such acts, in the absence of fraud, will be binding on the client, though done without consulting him, and even against his wishes. The attorney's authority extends to everything necessary to the protection and promotion of the interests entrusted to his care, so far as they are to be affected by the proceedings in the court where he represents his client, and he may and ought to exercise his discretion in all the ordinary occurrences which take place in relation to the cause." 2 R. C. L. 986.

The act of an attorney, even in extinguishing a claim or an obligation, is not a contract.

The attorney here, so far as he was establishing a status outside of a judicial administration, had no authority. If before suit filed, in order to prevent the filing of a suit the attorney of Sabalier had accepted a certain amount of money and had agreed to accept a bond for the rest of the claim, the bond could not become the contract of Sabalier without his consent. Similarly, it seems that while the attorney could release a receivership or an attachment, he could not bind his client to any other positive obligation like a contract, and did not. If a person authorized his actual attorney to buy a piece of property, the agency is an ordinary one in which any other person could intervene. It is not the relation of attorney and client. Similarly, throughout the whole field. The attorney by reason of his com-

mand over litigation cannot create a contract. Nor is there any presumption of authority independently of the conduct of the particular suit. Without due authority the acceptance of the bond of the bank was perhaps *non coram judice* and the bank, we think, was put on inquiry, as in any other matter of agency. Even if it be considered that the giving of a bond in the suit was presumably authorized by the client, it still did not become a contract, but was only part of the immediate proceedings.

Supposing a contract could arise in this case by way of court action. It could also be rescinded by similar action. The rescission might be error. It was no violation of procedure.

The petitioner does not convince us of a contract, or even of prejudice. Beyond the giving of the bond and the disappointment to its hopes the bank was in no worse plight than it was by the creation of the receivership in September, 1923. The bank does not show or allege any loss by reason of the bond and it would be too small a matter to be considered in a litigation of this magnitude.

Even if there had been any violation of procedure in the discontinuance of the receivership, we are satisfied that the court could have appointed one anew on the motion of complainant. Section 182, Code of Civil Procedure, gives the court the power and this power could be invoked at any stage. As the receivership could thus be restored and as a receivership was preexisting and had not actually ceased, any mere violation of procedure would not appeal to the discretion we have over the issuance of a writ of certiorari.

Petitioner spoke of the great cost of the receivership, but that is a matter which is in the sound discretion of the trial court and is not proper subject matter for a writ of certiorari. An order should issue denying the writ.

*Petition denied.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Chief Justice Del Toro took no part in the decision of this case.